# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 28, 2011

No. 10-40868
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICARDO JAVIER RODRIGUEZ-TREVINO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-357-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:*

Ricardo Javier Rodriguez-Trevino (Rodriguez) was convicted by a jury of possessing with intent to distribute more than five kilograms of cocaine, and he received a sentence of 151 months in prison. On appeal, Rodriguez asserts that the district court erred in denying his motion to suppress evidence obtained during a search of his vehicle at the immigration checkpoint near Falfurrias, Texas. He contends that Dialo, the drug canine, failed to pinpoint his vehicle as the location of any narcotics in the primary inspection area and that a defense

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

expert testified at the suppression hearing that Dialo had not had enough time to change his behavior in such a way that would reflect that the dog had identified the presence of contraband.  To the extent that Rodriguez is asserting that the district court should have found that Dialo did not "alert" on his vehicle, the court based its factual finding on the credibility of the canine handler's testimony about Dialo's behavior.  Rodriguez has not established that this ruling is clearly erroneous.  *See United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996).

In conjunction with this assertion, Rodriguez also contends that any "alert" by Dialo was insufficient to establish probable cause to search his vehicle or reasonable suspicion supporting prolonged detention for further investigation. He maintains that this circuit's case law requires a more focused identification of the source of the canine's reaction.  Contrary to Rodriguez's assertion, this court has upheld a search based upon the dog's initial "alert" rather than the pinpoint of the drugs' location.  In *Garcia-Garcia*, agents were conducting a checkpoint inspection of a bus, with one agent questioning passengers on board while the second agent led a trained dog along the bus's undercarriage.  *United States v. Garcia-Garcia*, 319 F.3d 726, 727 (5th Cir. 2003).  When sniffing near the ceiling of the luggage bins underneath the bus, the dog had "alerted," which the handler described as a change in respiration and an increase in excitement and speed when trying to locate the source.  *Id.* at 728.  The handler brought the dog on the bus, where the canine again "alerted" by passing Garcia-Garcia, then stopping and turning around.  *Id.*  The canine ultimately "indicated" the source of the odor as the defendant by putting his nose under Garcia-Garcia's seat.  *Id.* The court found that "[o]nce the dog alerted, the agents had, at a minimum, sufficient reasonable suspicion to permit them to prolong the stop to explore further the potential source of the dog's alert."  *Id.* at 730.  The court also specified that "the sniff alert to the undercarriage of the bus provided probable cause to search the vehicle."  *Id.*

No. 10-40868

In the instant case, the district court accepted Garcia's testimony that Dialo "alerted" on Rodriguez's vehicle.  Under the reasoning of *Garcia-Garcia*, the Border Patrol agents possessed at least reasonable suspicion to investigate further the source of Dialo's olfactory interest in the vehicle, if not probable cause to conduct the search.  *See id.*

Rodriguez also argues that the district court should have found that the Border Patrol agents lacked the authority to X-ray his vehicle even if they had reasonable suspicion warranting further investigation.  Because he did not raise this argument in the district court, we review for plain error.  *United States v. Baker*, 538 F.3d 324, 328-29 & n.1 (5th Cir. 2008).  Rodriguez has not established that the district court's failure to rule on the propriety of the X-ray search constituted a clear or obvious error.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *see also United States v. Flores-Montano*, 541 U.S. 149, 150 (2004); *Cardwell v. Lewis*, 417 U.S. 583, 591 (1974).  In light of these rulings, we need not address Rodriguez's argument that he did not consent to a search of his vehicle.

AFFIRMED.